IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**In re:**

**LISA MONIQUE BROWN-CAMPBELL**
**AKA LISA BROWN-CAMPBELL**
**AKA LISA M. BROWN-CAMPBELL,**

    **DEBTOR.**

**CASE NO. 20-31538-KLP**

**CHAPTER 13**

**MTGLQ INVESTORS, LP,**

    **MOVANT,**

**vs.**

**LISA MONIQUE BROWN-CAMPBELL**
**and SUZANNE E. WADE, TRUSTEE,**

    **RESPONDENTS.**

### ORDER GRANTING MODIFICATION OF STAY

The Motion of the Movant, MTGLQ Investors, LP, to amend the Automatic Stay having been properly served, and upon agreement by Counsel,

It appears that Debtor is in possession of a certain real property located at **13513 Prindell Court, Chester, VA 23831**, and more particularly described as follows:

> **ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN CHESTERFIELD COUNTY, VIRGINIA, AND DESIGNATED AS LOT 21, SECTION ONE, LITTLEBURY AT THE VILLAGES OF LONGMEADOW, AS SHOWN ON A PLAT OF SUBDIVISION MADE BY TIMMONS GROUP, DATED OCTOBER 7, 2003, RECORDED OCTOBER 31, 2003, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CHESTERFIELD, VIRGINIA, IN PLAT BOOK 138, PAGES 70-71, REFERENCE TO WHICH PLAT IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE SAID PROPERTY BEING CONVEYED HEREIN.**

Upon consideration of the foregoing, it is **ORDERED**:

1. Debtor will resume making all future regular monthly installment payments in the amount of $1,132.21, pending further notice from the mortgage company, as they become due commencing September 1, 2020.

2. Debtor will cure any arrearage currently due to the Movant for the months

Johnie R. Muncy, Esquire
Counsel for Movant
Samuel I. White, P.C.
Bar No. 73248
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
(804) 290-4290
File No. 25046

of April 1, 2020 through August 1, 2020, in the total amount of $2,075.05, which arrears were calculated as follows:

| Number of Payments | From | To | Monthly Payment Amount | Total Payments |
|---|---|---|---|---|
| 5 | 04/01/2020 | 08/01/2020 | $1,132.21 | $5,661.05 |
| Motion For Relief ± Legal Fees & Cost | | | | $1,231.00 |
| Bankruptcy Fee ± Plan Review | | | | $450.00 |
| Bankruptcy Fee ± Proof of Claim | | | | $500.00 |
| Property Inspection | | | | $33.00 |
| Payment Received ± 7/30/2020 | | | | ($5,800.00) |
| Less post-petition partial payments (suspense balance): | | | | ($0.00) |

Total:  $2,075.05

 a. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

 b. Payment due on or before September 15, 2020 in the amount of $345.85.

 c. Payment due on or before October 15, 2020 in the amount of $345.84.

 d. Payment due on or before November 15, 2020 in the amount of $345.84.

 e. Payment due on or before December 15, 2020 in the amount of $345.84.

 f. Payment due on or before January 15, 2021 in the amount of $345.84.

 g. Payment due on or before February 15, 2021 in the amount of $345.84.

 h. All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

> Rushmore Loan Management Services, LLC
> 15480 Laguna Canyon Road
> Suite 100
> Irvine, CA 92618

3. In the event that any payment required by this Order is not received by the Movant within fifteen (15) days after it is due the Movant may mail a Notice of Default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtor and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the Notice of Default is mailed to the Debtor.  The Notice of Default will state in simple and plain

language:

a. That the Debtor is in default in making at least one payment required under this Order;

b. The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the Debtor or Trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the Notice of Default:

   i. Cure the default;
   ii. File an objection with the Court stating that no default exists; or
   iii. File an objection with the Court stating any other reason why an Order granting relief from the Automatic Stay should not be entered;

e. That if the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the Automatic Stay without further notice to the Debtor; and

f. That if the Automatic Stay is terminated, the collateral may be sold at foreclosure.

If the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Trustee nor Debtor have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft Order terminating the Automatic Stay.

If the Trustee or Debtor files an objection to the Notice of Default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until the automatic stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of

6.     The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

7.     Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees not to exceed $100.00, for issuance of a Certificate of Default and preparation of an Order Terminating the Automatic Stay.

8.     In the event of a default which results in the granting of relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

DATED: Sep 3 2020

/s/ Keith L Phillips

UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF JUDGMENT OR ORDER
Entered on Docket**

Sep 3 2020

I ask for this:
By: **/s/JOHNIE R. MUNCY**
Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
Samuel I. White, P.C.
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
jmuncy@siwpc.com
Counsel for MTGLQ Investors, LP

Seen and Agreed:

**/s/ Mary-Scott Gates Hennigan**

Mary-Scott Gates Hennigan
Counsel for Debtor
P.O. Box 187
Chesterfield, VA 23832

**/s/ Suzanne E. Wade**

Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23218-1780
20-31538-KLP

CERTIFICATE OF SERVICE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

By: **/s/ Nisha R. Patel**
Nisha R. Patel, Esquire
Samuel I. White, P.C.

The Clerk shall mail a copy of the entered Order to the following:

Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23218-1780

Mary-Scott Gates Hennigan
Counsel for Debtor
P.O. Box 187
Chesterfield, VA 23832

Lisa Monique Brown-Campbell
Debtor
13513 Prindell Court
Chester, VA 23831